UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY E. RUSSELL,

  Plaintiff,

  v.            CAUSE NO.: 3:18-CV-605-JD-MGG

CHRISTOPHER C. MYERS, JOE
SOBOSLOY, TRACI RIGGLE, and
SKYLER SPURLING-NEWSOME,

  Defendants.

## OPINION AND ORDER

  Ricky E. Russell, a prisoner without a lawyer, filed a complaint against four defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  Defendants Christopher C. Myers, Joe Sobosloy, and Skyler Spurling-Newsome work for a private law firm. Russell alleges he hired the firm to represent him, but they did not file a lawsuit and now he is barred from pursuing the claim. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state

law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Russell alleges these defendants denied him access to the court. However they did not act under color of state law. While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Here, no such inference is possible. These private individuals did not work for the State. Rather, Russell hired them to sue State employees.

Russell also sues Traci Riggle, the mail room supervisor at the Miami Correctional Facility. He alleges a check and legal mail was not sent out of the facility. He alleges she does not know the location of the check or his legal mail. It is unclear why he believes any of this states a claim against Riggle. He does not allege she knew or did anything. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore this complaint does not state a claim.

Nevertheless, Russell may file an amended complaint if he has additional facts explaining why Traci Riggle is personally responsible for a constitutional violation. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS Ricky E. Russell until **June 28, 2019**, to file an amended complaint and CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on May 21, 2019

                                              /s/ JON E. DEGUILIO
                                       JUDGE
                                       UNITED STATES DISTRICT COURT