UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY E. RUSSELL,

    Plaintiff,

    v.                                  CAUSE NO.: 3:18-CV-605-JD-MGG

TRACI RIGGLE and UNKNOWN
MAILROOM EMPLOYEE,

    Defendants.

## OPINION AND ORDER

Ricky E. Russell, a prisoner without a lawyer, filed an second amended complaint against Traci Riggle and Unknown Mailroom Employee because neither his original complaint nor his first amended complaint stated a claim against them. ECF 2, 3, 4, and 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the second amended complaint, Russell alleges Traci Riggle was the mail room supervisor at the Miami Correctional Facility. He alleges she (or her employee) was "responsible for failing or refusing to mail plaintiff's filing fee check to Attorney

Myers in a timely manner or at all." ECF 12 at 3. However, attached to his original complaint, Russell provided a Request for Remittance showing he asked for $16.32 to be sent to the Sullivan Superior Court. ECF 2-1 at 38. Because he has provided evidence showing he asked for the check to be sent to the court, he has not plausibly alleged Traci Riggle (or her employee) did anything wrong by not sending it to Attorney Myers.

Russell alleges his State lawsuit was dismissed because the check was not sent to Attorney Myers. However, attached to his original complaint, is a letter from Attorney Myers stating his case was never filed because Russell did not send the attorney "an application to waive the filing fee to get the above case filed." ECF 2-1 at 39. Because he has provided evidence showing the allegedly unmailed check was not responsible for either the dismissal, nor even the non-filing, of a lawsuit on his behalf, he has not plausibly alleged Traci Riggle (or her employee) is responsible for the dismissal of a State lawsuit.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. §. 1915A.

SO ORDERED on December 20, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT